LILA K. MURRELL AND K. R. MURRELL, HER HUSBAND, *Appellants*, v. FARMERS BANK AND TRUST COMPANY, JOHN M. MURRELL AND THE PEOPLES BANK OF SANFORD, *Appellees*.

Opinion Filed February 27, 1924.

Petition for Rehearing Denied April 28, 1924.

This Case was decided by Division B.

1. Where the equities in a cause are settled by a decree that is affirmed on appeal, a subsequent appeal from orders made

after the first decree appealed from, does not open up matters that are *res adjudicata.*

2. Where a decree in a mortgage foreclosure orders the debt to be paid in ten days and in default sale to be made, and an appeal is taken after the ten days expires, a sale made eleven days after the return of the mandate is not error, due advertisement having been made.

An Appeal from the Circuit Court for Seminole County; C. O. Andrews, Judge.

Affirmed.

*John M. Murrell* and *W. C. Murrell,* for Appellants;

*Robinson & Bridges,* for Appellees.

PER CURIAM.—The Appeal herein is "from the judgment and decree entered from this court," which presumably means the orders and decrees made in the cause since the affirmance of the decree adjudicating the equities of the case Murrell v. Farmers Bank and Trust Co., 82 Fla. 506, 90 South. Rep. 384.

Originally a bill of complaint was filed by the Farmers Bank and Trust Company against Lila K. Murrell and her husband K. R. Murrell, John M. Murrell and Peoples Bank of Sanford seeking to enforce the lien of a mortgage upon land for $16,000.00 given by John M. Murrell to the Farmers Bank and Trust Company, the Peoples Bank of Florida and Lila K. Murrell and K. R. Murrell, her husband, being made parties defendants because subsequent to the mortgage given by John M. Murrell, he conveyed the property to Lila K. Murrell who, joined by her husband executed a second mortgage upon the property to the·

Peoples Bank of Sanford.   The defendants Lila K. Mur-
rell and her husband K. R. Murrell, by answer admit ''that
after the conveyance of said property described by the
said John M. Murrell to them, they made and executed
unto the defendant, Peoples Bank of Sanford, a further
mortgage on said described property given to secure the
sum of $7,847.68.''

The defendant Peoples Bank of Sanford by answer
admitted that its mortgage was inferior to that of the
complainant, the Farmers Bank and Trust Company; and
by petition the Peoples Bank set up their mortgage claim,
alleged a breach of conditions of the mortgage and ''sub-
mits its rights herein unto this Honorable Court, as the
same may appear and upon proper proof of complainant's
claim herein, and in the event of the sale of the premises
herein described by virtue of a decree of this Honorable
Court, your petitioner requests and prays that after the
payment of complainant's claim and all the costs and
expenses herein, that the surplus, if any there be, derived
from the sale of the premises hereinabove described, be
paid into the registry of the court to be applied to the
satisfaction and payment of your petitioner's notes and
mortgages above set out and the expense and attorney's
fees incurred by your petitioner herein, as provided for in
said notes and mortgage deed.''

The complainant Farmers Bank and Trust Company
interposed no objection to the petition or to any proceed-
ings thereunder.  Prior to the affirmance of the final decree
the defendants Lila K. Murrell and K. R. Murrell made
no direct response to the petition of the defendant the
Peoples Bank.

A special master was appointed ''to take the proof of
the material issues raised by the pleadings in this cause,
and further to make an account of such sum or sums of

money as may be due by the defendants to the complainant under the mortgage sought by the bill of complaint herein to be foreclosed.''

The master, over the protest of counsel for the defendants Lila K. Murrell and K. R. Murrell, took and reported to the court testimony as to the amounts due on the mort-gage held by the Peoples Bank.

The final decree contains the following: ''It further appearing to the Court that the Peoples Bank of Sanford, one of the defendants in this proceedings, has filed its answer to the bill of complaint admitting the allegations contained therein with reference to a certain second mortgage held by it on the property sought to be foreclosed, amounting to $7,847.68 and it further appearing to the court that the Peoples Bank of Sanford, as one of the defendants herein, has filed its petition in this cause, setting forth that the mortgage held by it as aforesaid is past due, and that no part of the principal thereof, or any interest thereon, has been paid, and it further appearing to the court that the said mortgage is outstanding, past due and unpaid.

''Therefore, it is further ordered, adjudged and decreed that upon the rendition of the final report of the Special Master in Chancery, if there be any surplus remaining on hand, derived from the sale of the aforesaid premises under this decree of foreclosure and sale, that the said Peoples Bank of Sanford, a corporation, shall have leave to make proper application to this court for the payment of said surplus to it to be applied upon the mortgage indebtedness due to it by the defendants, Lila K. Murrell and husband, K. R. Murrell, as far as same will extend.''

This decree was affirmed on appeal. Murrell v. Farmers Bank and Trust Co., 82 Fla. 506, 90 South. Rep. 384.

. Among the assignments of error on the former appeal were:

"10. The court erred in rendering final decree directing payment to be made to the Peoples Bank of Sanford a corporation of the surplus remaining in the hands of the court.

"11. The court erred in rendering a final decree without full opportunity given and granted defendants to adduce the testimony necessary to fully establish their contentions.

"12. The court erred in rendering the final decree for the complainant and for one of the defendants, the Peoples Bank of Sanford, Florida."

Thus it appears that the adjudication of equities in favor of the Peoples Bank was affirmed and became *res adjudicata*.

On this appeal the assignment of errors in effect are that the sale was made eleven days after the mandate from the former appeal was filed in the lower court, and that the proceedings awarding to the Peoples Bank the money remaining in the registry of the court after paying the mortgage of the Farmers Bank and Trust Company are not according to law.

The former decree required the mortgage debt to be paid within ten days. An appeal was taken after the ten days, and on the return of the mandate of affirmance there was no error in confirming a sale made eleven days thereafter.

There was no error in denying a motion by Lila K. Murrell to strike the petition of the Peoples Bank, since it was appropriately filed in the cause and acted on in the absence of objection from the complainant the Farmers Bank and Trust Company, and since the defendants Lila K. Murrell and her husband K. R. Murrell had by answer

admitted the execution of the mortgage to the Peoples Bank for the amount stated by the bank in its petition and asked to be paid after the prior mortgage of the complainant Farmers Bank and Trust Company is paid.

The court took testimony as to counsel fees to be allowed on the mortgage of the Peoples Bank.

The court upon argument for both parties awarded the money in the registry of the court to the Peoples Bank as a payment on its mortgage, with the privilege of a deficiency decree against the defendant K. R. Murrell for the balance unpaid.

In view of the answer of the defendants Lila K. Murrell and her husband K. R. Murrell admitting the execution of the mortgage to the Peoples Bank, and of the failure of such defendants to make any due and proper defense to the petition of the Peoples Bank for the payment to it of the money in the registry of the court after payment of the mortgage of the complainant the Farmers Bank and Trust Company, though the defendants were represented by conusel at the hearings and when the testimony was taken as to the amount of the debt due and the attorney fees due on the mortgage admitted to have been executed to the Peoples Bank, it cannot be said the defendants have not had their day in court to defend against the mortgage if they had a defense.

Affirmed.

WHITFIELD, P. J., and WEST and TERRELL, J. J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.